IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARC WACHTER, #M12656,** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 3:22-cv-00577-SMY |
| | ) |
| **DR. MEYERS,** | ) |
| **JANE DOE 1,** | ) |
| **LIEUTENANT MORGAN,** | ) |
| **LIEUTENANT GOATE,** | ) |
| **LIEUTENANT BOYLES, and** | ) |
| **WARDEN OF CENTRALIA** | ) |
| **CORRECTIONAL CENTER,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Marc Wachter, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Centralia Correctional Center ("Centralia"). This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff is on the autism spectrum and has a communication disability. Because of his disability, he is unable to determine if an individual is lying to him. Plaintiff is taking (or has taken) Mobic and is suffering permanent side effects from the medication.

Plaintiff saw Dr. Meyers on July 27, 2021 for the results of a blood test that had been

ordered by Dr. Shaw. Dr. Meyers informed him that he was not anemic. Plaintiff then proceeded to ask Dr. Meyer questions "listed in the grievance." (Doc. 1, p. 10). Dr. Meyers refused to answer any questions regarding the side effects of Mobic. Dr. Meyers also refused to do a rectal or any other exam and told Plaintiff to requests the tests at his next physical. Dr. Meyers exploited Plaintiff's autism, PTSD, and anxiety and incited panic in Plaintiff by lying to him and refusing to help with his serious medical needs. He caused Plaintiff months of "painful suffering and multiple contemplations of suicide." (*Id.*, p. 11).

Jane Doe 1 entered the exam room just prior to Plaintiff's appointment with Dr. Meyers. Plaintiff believes Jane Doe 1 told Dr. Meyers not to treat or examine Plaintiff to confirm damages due to side effects of prolonged exposure to the side effects. Plaintiff did not actually hear Jane Doe 1 make any such statements, but Dr. Meyers seemed to be very informed what questions and exams not to perform. He has asked Jane Doe 1 several questions about issues he was having concerning side effects of Mobic. He told her he was having a very hard time breathing, and she responded that it was probably just anxiety, even though she knew it was not.

Plaintiff approached Lieutenants Boyles, Goate, and Morgan on July 27, 2021, and advised them of his serious medical needs. They assured him there was no such thing as permanent side effects of any drug except death and that he would be fine.

Plaintiff asserts claims against Defendants for violations of the Eighth and Fourteenth Amendments and the Americans with Disabilities Act ("ADA"). He also asserts claims for assault and battery against all Defendants for allowing him to continue suffering. Plaintiff seeks monetary damages and injunctive relief and names the Centralia Warden as a defendant in his/her official capacity to implement any injunctive relief ordered. Plaintiff filed a separate motion (Doc. 6) requesting a temporary restraining order and preliminary injunctive relief.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1: Eighth Amendment claim against Defendants for exhibiting deliberate indifference to Plaintiff's serious medical needs by denying adequate medical treatment for the side effects of Mobic on July 27, 2021.

Count 2: Fourteenth Amendment claim against Defendants for denying Plaintiff, who has a communication disability, adequate medical treatment for the side effects of Mobic on July 27, 2021.

Count 3: ADA claim against Defendants for denying Plaintiff, who has a communication disability, adequate medical treatment for the side effects of Mobic on July 27, 2021.

Count 4: Illinois state law claims against Defendants for assault and battery for the suffering Plaintiff endured due to not receiving treatment for the side effects of Mobic on July 27, 2021.

Any claim mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

### Count 1

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.*

At this stage, Plaintiff states a colorable claim against Dr. Meyers and Jane Doe 1 for denying him medical treatment for the side effects of Mobic on July 27, 2021. However, he fails

3

to state a colorable claim against Lieutenants Boyles, Goate, and Morgan. While it may have been ill-advised for them to comment on a medical issue, Plaintiff has proffered no facts that suggest they acted with deliberate indifference to a serious medical need. Accordingly, Count 1 will proceed against Dr. Meyers and Jane Doe 1, but is dismissed as to Lieutenants Boyles, Goate, and Morgan.

**Count 2**

To state a claim for an Equal Protection violation, a plaintiff must allege that he was treated differently than others based on membership in a suspect class (race, alienage, and national origin) or based upon the denial of a fundamental right (freedom of speech or religion). *See e.g. Srail v. Village of Lisle, Ill.*, 588 F.3d 940, 943 (7th Cir. 2009) (describing various equal protection claims). Here Plaintiff does not allege facts to support an equal protection violation against any defendant. *See e.g. Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (conclusory legal statements are not sufficient to state a claim). Accordingly, Count 2 will be dismissed for failure to state a claim for relief.

**Count 3**

As an initial matter, this claim cannot proceed against individual defendants because individual employees of IDOC cannot be sued under the ADA. *Jaros v. Illinois Dep't of Corrs*, 684 F.3d 667, 670 (7th Cir. 2012). The proper defendant is the relevant state department or agency. 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). With respect to Plaintiff's claim, the Warden of Centralia Correctional Center is the only proper defendant.

The ADA confers rights on "qualified individual[s] with a disability" who are denied access to "services, programs, or activities of a public entity." 42 U.S.C. § 12132. This includes

4

denial of access to medical services on the basis of disability. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998). That said, Plaintiff does not allege that he was denied access to any medical service on the basis of disability, but that he did not receive proper treatment. "A claim for inadequate medical treatment is improper under the ADA." *Resel v. Fox*, 26 F.App'x. 572, 577 (7th Cir. 2001); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."). Count 3 will, therefore, be dismissed.

## Count 4

Plaintiff attempts to assert Illinois state law claims for assault and battery based on his allegations that Defendants denied him proper medical care on July 27, 2021. Under Illinois law, assault is defined as conduct which places another in reasonable apprehension of an imminent battery. *Kijonka v. Seitzinger*, 3363 F.3d 645, 647 (7th Cir. 2004) (internal citations omitted). "A battery occurs when one 'intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual.'" *Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001) (quoting 720 ILL. COMP. STAT. 5/12–3(a)). A battery requires physical contact. *Id.* The allegations in the Complaint do not support a state law claim for assault or battery against any defendant. Accordingly, Count 4 will be dismissed.

## Official capacity claims

Plaintiff asserts claims against each defendant in his or her individual and official capacities with the exception of the Warden, who he only names as a defendant in an official capacity. The ADA and injunctive relief claims are properly brought against the Warden of Centralia Correctional Center in his/her official capacity but are not proper against the other defendants. Additionally, Plaintiff's claims for monetary damages may only be pursued against state officials

in their individual capacities. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Accordingly, the official capacity claims against Defendants except the Centralia Warden are **DISMISSED** without prejudice.

## Identification of Doe Defendant

The Warden of Centralia Correctional Center shall respond to discovery aimed at identifying the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009); FED. R. CIV. P. 21. Guidelines for discovery will be set by the undersigned judge. Once the name of Jane Doe 1 is discovered, Plaintiff shall file a motion to substitute the newly identified defendant.

## Motion for Temporary Restraining Order and Preliminary Injunction

Plaintiff requests a temporary restraining order ("TRO") and preliminary injunction. (Doc. 1, pp. 15-16; Doc. 6). He relies on the allegations in his Complaint and does not offer any additional facts in the motion. (Doc. 6). He seeks a broad Order addressing a litany of issues including: single cell status; any and all medical services he needs including mental health treatment from a qualified therapist for autism, PTSD, and anxiety; a prohibition against misdiagnosis and exploitation of his autism, PTSD, and anxiety; an assistant for all medical issues and to attend all appointments; and diagnostic testing to determine if he has permanent neurologic and physical damage due to side effects of Mobic including a brain scan, kidney test, and liver test. (*Id.*).

A TRO is an order issued without notice to the party to be enjoined, but it may last no more than fourteen (14) days. Fed. R. Civ. P. 65(b)(2). Further, a TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable

injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal citation omitted). A party seeking a preliminary injunction must make a threshold showing that: "(1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Tully v. Okeson*, 977 F.3d 608, 612-13 (7th Cir. 2020).

Injunctive relief, whether a temporary restraining order or preliminary injunction, is appropriate only if it addresses a matter presented in the underlying suit and seeks relief of the same character sought in the underlying suit. *See Daniels v. Dumsdorff*, No. 19-cv-394-NJR, 2019 WL 3322344, at *1 (S.D. Ill. July 24, 2019); *Hallows v. Madison County Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted). Here, Plaintiff is proceeding on a single claim that Dr. Meyers and Jane Doe 1 denied him adequate medical treatment for the side effects of Mobic on July 27, 2021. As such, his requests for injunctive relief unrelated to this claim are not properly brought in this lawsuit. Moreover, Plaintiff has provided no information relevant to his current medical status or any medical care he has requested or received since July 27, 2021. Nor does he allege that he will suffer irreparable harm without injunctive relief.

In the absence of specific facts which clearly show that immediate or irreparable injury, loss, or damage will result without a specified form of injunctive relief, Plaintiff's requests for a

TRO and a preliminary injunction in the Complaint and in the separate motion (Docs. 1, 6) are **DENIED** without prejudice.

## Disposition

Count 1 will proceed against Dr. Meyers and Jane Doe 1 in their individual capacities. The injunctive relief claim will proceed against the Warden of Centralia Correctional Center in his/her official capacity. Counts 2, 3, and 4 and Defendants Morgan, Goate, and Boyles are **DISMISSED** without prejudice and the Clerk of Court is **DIRECTED** to terminate Morgan, Goate, and Boyles as defendants. Further, the requests for TRO and preliminary injunction in the Complaint and in the separate motion (Docs. 1, 6) are **DENIED** without prejudice.

The Clerk shall prepare for Dr. Meyers and the Warden of Centralia Correctional Center (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendant Jane Doe 1 until such time as Plaintiff has identified her by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 25, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.